PHILO H. WELLER *vs.* DUDLEY P. ELY.

The plaintiff purchased in good faith two watches, which afterwards proved to have been stolen from *D.* The supposed thief being arrested and put on trial in the city of *N*, the watches were, upon the request of the chief of police of the city, and with the consent of *D*, delivered to the former, for use upon the trial and for identification, the plaintiff requiring that they be returned *to* him if not identified to his satisfaction. He was not satisfied with the identification claimed. They were afterwards delivered to the mayor of the city, to be held by him for identification under a provision of the city charter. The plaintiff, having demanded them of the mayor, brought replevin for them. It was found in the suit that they were the property of *D.* Held that the plaintiff had no such right to the watches as would enable him to maintain the suit.

Whether while in the hands of the mayor, under the ordinance which required him to hold the property until identified, and which was authorized by the charter, the property was not in the custody of the law, and rightfully retained by him: *Quære.*

REPLEVIN for two watches and a chain, claimed to be unlawfully withheld; brought to the Court of Common Pleas for

Fairfield County, and reserved, upon a finding of the facts, for the advice of this court. The case is sufficiently stated in the opinion.

*G. Stoddard*, for the plaintiff.

*M. W. Seymour*, with whom was *N. J. Taylor*, for the defendant.

GRANGER, J. The property described in the plaintiff's writ of replevin consisted of two watches and one chain, all of the value of about two hundred dollars, and belonged to one Samuel S. Dale, of the city of New York, from whom the same were stolen about the 1st of January, 1874, and he has ever since continued to own the same. After the property was stolen it was, by some person unknown, and without any authority from Mr. Dale, pawned in New Haven, in this state. The plaintiff Weller purchased it from the pawn broker, for one hundred and eighty dollars, having no knowledge that it was stolen. He kept it till December 25th, 1876, when he was informed by the chief of police of Norwalk, and by Mr. Dale, that it was supposed to be stolen, and that a certain person had stolen it, and that they wished to take it to South Norwalk where this person was being prosecuted for the theft, for the purpose of using it in the prosecution, and of identifying it as stolen property. The plaintiff thereupon delivered the property to the chief of police for the above purpose, and took from him and from Dale a receipt worded as follows:

"Bridgeport, December 25th, 1876.
"Received from P. H. Weller two watches and chain.
                    (Signed)    John N. Tuttle, Chief of Police.
     "Samuel S. Dale,
     "S. Most."

Weller, at the time he delivered the property, required that it should be returned to him in case it should not be identified at the trial to his satisfaction. He was not satisfied with the identification. The property was delivered by the chief of police to the defendant, the mayor and chief magistrate of

South Norwalk, and the defendant as such mayor, by virtue of an ordinance passed pursuant to the charter of the city, took the property into his possession, and was holding it as property alleged to be stolen, for the purpose of evidence, and in order that the same might be identified and its ownership ascertained, at the time this action was commenced. The plaintiff demanded the property before suit was brought. The defendant refused to deliver it, and claims the right to hold it under the city ordinance, and under the circumstances above stated.

The ordinance referred to provides that the chief of police shall cause a record to be made of all property coming into the hands of the police, whether stolen, found, or detained for evidence, and also that property found by the police shall be reported to the chief, who shall make a memorandum of the articles, which shall be sworn to by the officer or officers finding the property, and the memorandum and the property be given to the mayor, and no property thus acquired by the police shall be delivered to the claimant or owner without the consent of the mayor.

It is manifestly the object of this ordinance to protect the property stolen for the benefit of the true owner; and also to promote the ends of public justice, and the execution of the laws of the state, and it is not its purpose to divest the owner of any right. This property at the time the suit was instituted was held by the defendant as mayor under this ordinance, and might well be considered to be *in custodiâ legis,* and if the maxim is true that the law works no man any injury, then the plaintiff has sustained no injury in this case, and his property has not been wrongfully detained from him in any manner.

But however this may be there is an obvious reason why the plaintiff cannot recover in this action. The action of replevin is regulated entirely by statute, and in order to sustain it the plaintiff must show that he has a general or special property in the goods, with a right to their immediate possession, and that they are wrongfully detained from him. Gen. Statutes, p. 484, sec. 1. The case as found by the court

below, instead of showing any of these essential elements, constituting a right of recovery in the plaintiff, shows that none of them existed. The property was stolen property, it belonged to and was owned by Dale, and the plaintiff never had any right or title to it as against him. But it is claimed that the plaintiff had the right to the possession of the goods, and that this right has been invaded by the defendant. We see no foundation for any such claim. Whatever right of possession he had he surrendered it to Dale, the true owner, and Tuttle, the police officer. The goods, with the consent of Dale, went into the hands of the defendant, and it may properly be said that the defendant held the property as the agent of Dale, at the time the suit was brought. The plaintiff can have no lien upon the goods as against Dale, and the possession of them could be of no possible benefit to him, as he could not hold them against Dale if possession should be awarded to him.

We think the plaintiff has entirely failed to show any cause of action against the defendant, and we advise the Court of Common Pleas to render judgment for the latter.

In this opinion the other judges concurred.